902 F.2d 43
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Richard Laverne CHANDLER, Petitioner.
 Misc. No. 275.
 United States Court of Appeals, Federal Circuit.
 March 22, 1990.
 
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Richard L. Chandler (1) petitions for writ of mandamus to direct the Clerk of the United States District Court for the Northern District of Texas to forward his notice of appeal and (2) moves for stay of the district court's $5,000.00 sanction order. The United States opposes the petition.
 
 On November 13, 1989, the district court:
 
 2
 ORDERED that the Clerk and the Deputy Clerks of the Northern District of Texas shall refuse to accept for filing any further suits or pleadings related in any way to Chandler's military retirement pay or these causes of action. In the event Chandler attempts to file additional pleadings or suits in violation hereof, additional sanctions will be imposed.
 
 
 3
 On November 24, 1989, the district court received Chandler's notice of appeal directed to this court. On November 29, 1989, a deputy clerk of the district court returned it to Chandler "[p]ursuant to instructions of the Court in the sanctions order entered November 13, 1989 ..." Here, Chandler asks us to direct the clerk or the district court to forward his notice of appeal.
 
 
 4
 The filing of a timely and sufficient notice of appeal in a district court has the effect of immediately transferring jurisdiction from the district court to the court of appeals. 9 Moore's Federal Practice p 203.11. The clerk of the district court must accept for filing a notice of appeal that is delivered to him or her. It is not the clerk's function to pass on the sufficiency or timeliness of the notice. Such questions are to be determined by the court of appeals. 9 Moore's Federal Practice p 203.10. Moreover, we do not deem the forwarding of Chandler's notice of appeal to be in violation of the district court's sanction order which refers to "suits" and "pleadings."*
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Chandler's petition for writ of mandamus is granted. The clerk/district court is directed to forward Chandler's notice of appeal.
 
 
 7
 (2) Chandler's motion for stay of the sanction order is denied.
 
 
 
 *
 In its response, the United States does not discuss the issues surrounding the forwarding of the notice of appeal. Rather, the United States argues that the appeal is frivolous, that Chandler has already had his claim reviewed by numerous courts, that any appeal belongs in the Fifth Circuit, and that Chandler is abusing the judicial system
 We note that it may be appropriate to resolve this appeal by motion for summary disposition.